```
              UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION


UNITED STATES OF AMERICA

VS.                      CRIMINAL NO. 3:16-cr-00071-DPJ-LRA

VINCENT TAYLOR MCGEE




                      SENTENCING HEARING




         BEFORE THE HONORABLE WILLIAM H. BARBOUR, JR.
                UNITED STATES DISTRICT JUDGE
                      DECEMBER 11, 2018
                     JACKSON, MISSISSIPPI




APPEARANCES:

FOR THE GOVERNMENT:    MR. CHRISTOPHER L. WANSLEY

FOR THE DEFENDANT:     MR. DREW M. MARTIN



REPORTED BY:  BRENDA WOLVERTON AND TRANSCRIBED BY CHERIE BOND
_____

                  501 E. Court Street, Ste. 2.500
                    Jackson, Mississippi  39201
                         (601) 608-4186
```

Case 3:16-cr-00071-DPJ-LGI   Document 304   Filed 11/19/19   Page 1 of 18

1    THE COURT: Mr. Wansley, do you have a matter for the
2    court this morning?
3    MR. WANSLEY: Yes, Your Honor. The court has *United*
4    *States v. Vincent Taylor McGee*, Criminal No. 3:16cr71, and we
5    are here, Your Honor, for a sentencing, and Mr. McGee is
6    present with his counsel, Drew Martin, Your Honor.
7    THE COURT: Mr. Martin, would you please stand at the
8    lectern with your client.
9    MR. MARTIN: Yes, sir.
10   THE COURT: You are Vincent Taylor McGee?
11   THE DEFENDANT: Yes, sir.
12   THE COURT: You are standing before the court with
13   your attorney, Mr. Drew Martin, are you not?
14   THE DEFENDANT: Yes, sir.
15   THE COURT: Do you understand that you're here today
16   for the purpose of being sentenced on the plea of guilty that
17   you entered in this case several weeks ago?
18   THE DEFENDANT: Yes, sir.
19   THE COURT: At that time I advised you that I would
20   have a presentence investigation report prepared by the
21   probation office. That report has been prepared, and I
22   understand that a copy has been made available to you and your
23   attorney. Have you read the report and gone over it carefully
24   with your attorney?
25   THE DEFENDANT: Yes, sir.

1    THE COURT: Your attorney filed for you several
2 objections to the report, and I will now -- let me first ask
3 you whether you have seen that presentence report and have gone
4 over it with your attorney.
5    THE DEFENDANT: Yes, sir.
6    THE COURT: And he has filed several objections on
7 your behalf. Is that correct?
8    THE DEFENDANT: Yes, sir.
9    THE COURT: The court so that you will know -- I
10 assume that your attorney has talked to you about it, but the
11 objections are fairly complicated. The court has had a
12 conference with the attorneys in chambers to discuss the report
13 or the objections to the report. Do you understand that?
14    THE DEFENDANT: Yes, sir.
15    THE COURT: We will proceed now with the sentencing,
16 and you may stop at any time and discuss anything that you feel
17 like you need to with your attorney.
18    Mr. Wansley, did the government have any objections to
19 the presentence report?
20    MR. WANSLEY: No, Your Honor.
21    THE COURT: All right. Mr. Martin, you may state
22 anything that you need to for the record in regard to any
23 objections to the presentence report.
24    MR. MARTIN: Thank you, Your Honor. I think as the
25 court has already noted our objections are stated and written

1  previously.  But just to summarize, Your Honor, we object to
2  the application of the career offender status as to this
3  defendant.  There are in particular two guideline comments and
4  guidelines themselves that apply here, both that are close
5  calls.
6          One we've conceded probably would fall on the wrong
7  side of it, and that is that under guidelines 4A1.1(a) and
8  under 4A1.2(e)., the guidelines -- back up.  These are -- both
9  of the underlying predicate offenses that create the career
10 offender status for this defendant occurred when he was 15 or
11 16 years old.  They occurred in 2004 and were sentenced in
12 2006.
13         Those guidelines I just cited say they shouldn't count
14 against his sentence, if the sentence imposed more than 15
15 years prior to commencement of what he has been charged with
16 here.  I won't do the math because it is self-evident there,
17 but we are looking at just under 15 years.  In other words, by
18 just the application of a couple years difference, the
19 government could not classify Mr. McGee as a career offender.
20         The second issue and the one that we think is more
21 appropriate even here is that even if the convictions count for
22 the guidelines, they have to count as a single conviction.  And
23 the issue there is that they count as a single conviction under
24 4A1.2(a)(2) and 4A1.1(e) if the sentences were imposed on the
25 same day.

```
 1              As I've mentioned to the court, we've got the
 2   underlying sentencing judgments and indictments from these 2004
 3   offenses and 2006 sentences.  The sentences did not occur on
 4   the same day.  They occurred one week apart.  But they occurred
 5   from a single arrest that was on May 21st, 2004.  The first of
 6   the sentences was July 28th, 2006.  The second of the sentences
 7   was August 8, 2006.  Again, one week apart.
 8              It's been our contention throughout that this was in
 9   reality a single sentence.  Again a single arrest, and it is
10   clear from the underlying documents that the district
11   attorney's office and the court and the defendant considered it
12   a single sentence.
13              And one of the best pieces in evidence in favor of
14   that is for the earlier of the two sentences, the July 28,
15   2006, sentence, that sentence, which occurs a week early,
16   already refers to the sentences running concurrently, the
17   July 28 and the August 8th sentences.  So again we believe that
18   even under the guidelines, although they didn't occur on the
19   same day, that the policy considerations are the same in this
20   case.
21              Beyond that, just under general policy considerations,
22   again this defendant is being treated as a career offender for
23   two violent offenses that occurred 14 years ago essentially at
24   this point, and the result of that is simply unjust.
25              And just to highlight that, Judge, if the court were
```

```
 1   to treat Mr. McGee as a career offender, most of the other
 2   things we've objected to and believe he deserves to receive
 3   credit for, the court doesn't even look at it at that point.
 4   And what happens is he ends up, as the sentencing report
 5   recommends, as a 34 overall calculation with a recommended
 6   sentence of 262 to 327 months, which given his minimal role in
 7   this conspiracy, which is even acknowledged in his plea
 8   agreement by the government, would be entirely unjust.  That's
 9   been the bulk of our objections.
10            Your Honor, just to summarize our others because, as I
11   said, they are already in the record, the firearm enhancement
12   status adds two points to this offender even if he is not
13   treated as a career offender.  In this case, Mr. McGee never
14   had a firearm in his possession at all.  In fact, there is no
15   allegation anywhere in the government's case in chief that any
16   defendant ever possessed or used a firearm in the commission of
17   any crime associated with this conspiracy.
18            The entirety of the application of that firearm
19   enhancement is based on the fact that after one other defendant
20   was arrested, multiple guns were found in that defendant's
21   personal property, a place that there is no evidence Mr. McGee
22   ever even went.
23            The last of the mitigating role adjustments here, Your
24   Honor, is as to the overall role in the conspiracy.  The
25   probation report recommended that he be treated as a minor
```

1   participant, which would entitle him to two points of credit.
2           Our plea agreement recommends that he be treated as a
3   minimum participant.  Unfortunately, that that word "minimum"
4   is not found in the applicable guideline.  The word "minimal"
5   is, which creates a four-point credit rather than a two-point
6   credit.  Our objection is simply that it's clear the government
7   didn't intend for a two-point credit or we would have used the
8   term "minor" in the plea agreement.  Mr. McGee is entitled to
9   either three points of credit or we think it's four points of
10  credit.  I'm slowing down there.
11          THE COURT:  All right.
12          MR. MARTIN:  Your Honor, that's the bulk of it.  I
13  also wanted to let the court know -- it's a little bit early
14  for this, but I think I know -- the court's provided some
15  direction as to the events today -- that Mr. McGee has a number
16  of friends and family members that are here in the audience
17  that have been supportive of him through the years.  I have a
18  letter not previously submitted to the court from Pastor Thomas
19  Jenkins of the New Dimensions Fellowship of Ministries, which
20  also speaks to Mr. McGee's personal characteristics.
21          These are all people that are here prepared to support
22  Mr. McGee and speak to his character and credit.  I don't think
23  it's necessary they provide testimony, but I wanted the court
24  to be aware of their presence.
25          THE COURT:  How many letters do you have?

1    MR. MARTIN: I only have the single letter. The rest
2  are here in person.
3    THE COURT: The court notes that they are in the
4  courtroom, and would you like to offer the letter?
5    MR. MARTIN: I would, Your Honor.
6    THE COURT: All right. Hand it to the clerk, and it
7  will be marked as defendant's exhibit number 1.
8    (EXHIBIT D-1 MARKED)
9    THE COURT: I will direct the clerk to file it
10 according to the rules of the court.
11   MR. MARTIN: Just to conclude here, if the court were
12 to either by granting the defendant's objections or by the use
13 of a sentencing variance or departure find that the career
14 offender status does not apply to Mr. McGee and if the court
15 were to disregard the firearm aggravating enhancement and if
16 the court were to agree that Mr. McGee is entitled it a minimal
17 participant credit, that would lower his overall base offense
18 level to a 23.
19   He would be then either be a category 4 or 5 depending
20 on how the court dealt with the two juvenile offenses which
21 would result in a sentencing range anywhere from a low end of
22 70 to 87 months or in category 5, 84 to 105 months. Both of
23 those ranges are below the ten-year -- the charged crime here
24 carries a ten-year minimum sentence.
25   And although there has been quite a bit of discussion

1   up to this point, it's my understanding the government is not
2   prepared today to raise a 5K1.1 motion that would enable this
3   court to sentence him below that 120 months.  But I did want to
4   know that regardless of that, it doesn't take a whole lot for
5   the court to reach a sentencing range that is somewhat
6   significantly below that ten-year range.
7         THE COURT:  Thank you.  Anything from the government?
8         MR. WANSLEY:  Yes, Your Honor.  Regarding paragraph
9   39, the firearm enhancement, it's the government's position
10  that it does not have sufficient proof to go forward on that so
11  we would ask the court to grant that objection.
12        As far as the career offender status, it's the
13  government's position that under Fifth Circuit authority and
14  the argument that you heard from defense counsel is that his
15  argument seems to be mainly a policy argument and not
16  necessarily argument under the guidelines and that these were
17  two separate incidences or at least two separate sentences that
18  were treated separately, and they were violent offenses.  And
19  because of that, the PSR as written is appropriate because the
20  career offender status does apply.
21        As far as the minor participant, Your Honor, it's the
22  government's position that this defendant was not, I guess, the
23  leader of this conspiracy and therefore is entitled to some
24  role adjustment, either being two, three or four levels.  But
25  depending on the court's sentence, that particular objection

```
 1   very well would be moot, Your Honor.  So that's the
 2   government's response to the defendant's objections.
 3           THE COURT:  All right.  The court is going to grant
 4   the defendant the right of allocution before addressing the
 5   objections.
 6           MR. MARTIN:  Are you ready for that at this time?
 7           THE COURT:  I'm going to explain what it is.
 8   Mr. McGee, you have a right to address me on anything that you
 9   think might be important to my -- for me to know before I
10   impose sentence upon you.  You can address me directly.  You
11   may have your attorney speak for you.  If both of you wish to
12   speak, I will hear from both of you.
13           THE DEFENDANT:  Well, Your Honor, I would like to say,
14   first of all, thank you for giving me the time to speak.
15           Secondly, Your Honor, I would like to say I'm sorry to
16   the court for making a mistake I chose to make at that time in
17   my life.  I am a totally different individual throughout this
18   incarceration period I have been there.
19           I would never make them mistakes I made again not just
20   for me but for my son's sake because upon arrest I had a son be
21   born in this world and my total perspective of life has totally
22   changed.  I don't see things in the same format as I once seen
23   them.
24           With that being said, I grew closer to God within
25   myself, and I see things, like I say, totally clearer.  And
```

1  also as far as my role in this situation, that's something that
2  I don't even see myself associating in no form or fashion with
3  individuals that indulge in such things anymore.
4       So with that being said, I just want to say thank you.
5  So whatever sentence you choose to give me because I have
6  already rehabilitated my mind and I know when I make it back to
7  society I'm going to be a totally different individual.
8       THE COURT:  All right.  Anything on his behalf, Mr.
9  Martin?
10       MR. MARTIN:  Judge, I have said most of what I had to
11  say.  I will simply add that -- I will just remind the court
12  that the court has heard a lot of testimony and information
13  about the conspiracy charged in this situation with regards to
14  a number of different defendants.
15       Mr. McGee's only role, even through his plea agreement
16  and considering all of the facts even in the best interest of
17  the government here, his only role was for a two- or three-day
18  period where he participated in assisting in some drugs being
19  brought.  A fairly large amount by some standards but a very
20  small amount relative to this conspiracy.  And I hope the
21  court's sentence will reflect that fact.
22       And I hope the court will also take into consideration
23  the various factors that even though the court may be bound by
24  a statutory minimum sentence here, that in the absence of that
25  I think we would be looking at a guideline range that was

1  anywhere from a year less than that statutory minimum to two or
2  three years less than that statutory minimum sentence.  I hope
3  the court will consider all those factors in pronouncing its
4  sentence today.
5           THE COURT:  All right.  Vincent Taylor McGee, the
6  court has considered the facts of this case, the presentence
7  investigation report, the statements made to the court by you
8  and your attorney and rules as follows:
9           Paragraph 39 has been objected to by the defendant
10 whereby he was charged with possession under the guidelines
11 with four firearms under 2D1 (b)(1).  The objection by the
12 defendant is well taken.
13          Under paragraph 4, the defendant objects to a
14 four-level enhancement as a career offender.  Under Fifth
15 Circuit law, the objection is not well taken.  However, the
16 court under the circumstances is going to grant a downward
17 variance -- excuse me, that objection is well taken, which
18 creates a four-level enhancement.
19          The court under the circumstances is going to grant a
20 downward variance because the court does not believe it proper
21 to charge this defendant as a career offender resulting in a
22 higher sentence for this defendant based on his role in the
23 offense compared to those of other offenders.
24          The court has also already sentenced other offenders
25 in this case to 15 years each for more involved activity than

1  this defendant participated in.  It would be unjust to give
2  this defendant a higher sentence under this provision than that
3  drawn by those co-defendants.
4          Therefore, the court will vary from the guidelines in
5  this case and is going to impose a sentence upon the defendant
6  of 120 months.
7          Because the minimum and maximum guideline sentencing
8  range exceeds 24 months as dictated by 18 United States Code
9  Section 3553(c)(1), the court has stated the reasons for
10 imposing a sentence at a particular point within the range.
11 The court is imposing a sentence outside of the range and is
12 departing from the guidelines.
13         Based on the defendant's financial condition, a
14 partial fine of $1,500 is imposed, which is a downward
15 departure and payable immediately and during the term of
16 incarceration.  The court has determined that the defendant
17 does not have the ability to pay interest on the fine and the
18 interest requirement is waived.  Any balance remaining upon
19 release from imprisonment shall be paid in monthly installments
20 of not less than $50 beginning 60 days after release from
21 imprisonment.
22         In the event a fine is not -- the fine is not paid in
23 full prior to the termination of supervised release, the
24 defendant is ordered to enter into a written agreement with the
25 Financial Litigation Unit of the U.S. Attorney's office for

payment of the remaining balance.  Additionally, the value of future discovered assets may be applied to offset the balance of criminal monetary penalties.  The defendant may be included in the Treasury Offset Program allowing federal -- qualified federal benefits to be applied to offset the balance of criminal monetary penalties.

The term of imprisonment shall be immediately followed by a five-year term of supervised release subject to the standard and mandatory conditions as listed on the judgment order, and you shall not possess a firearm.

In addition, the following special conditions are imposed:

1. You shall participate in a program of testing and/or treatment for alcohol and/or drug abuse as directed by your probation officer.  If enrolled in an alcohol drug treatment program, you shall abstain from consuming alcoholic beverages during treatment and shall continue abstaining for the remaining period of supervision.  You shall contribute to the cost of treatment in accordance with the probation office copayment policy.

2. You shall not possess, ingest, or otherwise consume any synthetic cannabinoid or synthetic narcotic unless prescribed by a licensed medical practitioner for a legitimate medical purpose.

3. In the event you reside in or visit a jurisdiction

1  where marijuana or marijuana products have been approved,
2  legalized or decriminalized, you shall not possess, ingest, or
3  otherwise use marijuana or marijuana products unless prescribed
4  by a licensed medical practitioner for a legitimate medical
5  purpose.
6           4.  You shall not incur new credit charges or open
7  additional lines of credit without the approval of the
8  probation office until such time that the fine is paid in full.
9           5.  You shall provide the probation office with access
10 to any requested financial information.
11          6.  You shall submit your person, house, residence,
12 vehicle, papers, electronic communication devices, or office to
13 a search conducted by a United States Probation Officer.
14 Failure to submit to a search may be grounds for revocation of
15 release.  You shall warn other occupants that the premises may
16 be subject to searches pursuant to this condition.  An officer
17 may conduct a search pursuant to this condition only when
18 reasonable suspicion exists that you have violated a condition
19 of your supervision and that the areas to be searched contain
20 evidence of this violation.  Any search must be conducted in a
21 reasonable -- at a reasonable time and in a reasonable manner.
22          It is further ordered that you pay a special
23 assessment fee of $100, which is due immediately.
24          The court notes that if it erred in the calculation of
25 the sentencing guidelines, the court would have imposed the

```
 1   same sentence as a variance based on the offense conduct in
 2   this case, the characteristics of the defendant and the other
 3   factors found at 18 United States Code Section 3553.
 4          You are hereby remanded to the custody of the United
 5   States Marshals to await designation to a Bureau of Prisons
 6   facility.
 7          Now, Mr. McGee, what will happen next is that the
 8   Bureau of Prisons will designate a prison for you.  This
 9   generally takes four to six weeks.  During that time the
10   Marshal Service will probably move you from Madison County to
11   another jail in this general facility to wait for the prison
12   designation.  When that has been made, the Marshal Service will
13   move you to that prison.
14          You have a right to ask me to designate a prison
15   facility for you.  If you have a prison you want me to
16   recommend to the Bureau of Prisons, I will be happy to do that.
17   I can't require the Bureau of Prisons to make that designation
18   but they generally will follow the recommendation of the judge.
19   Have you discussed this with your attorney?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  And is there a designation that you would
22   like for me to make?
23          MR. MARTIN:  He would prefer designation to Yazoo,
24   Your Honor, and also communicated to me he would appreciate the
25   transfer being done as soon as it's possible for the bureau to
```

```
 1   do so.
 2           THE COURT:  All right.  I will recommend the prison at
 3   Yazoo City for designation in this case.  I will note to the
 4   Bureau of Prisons that a request for an expedited designation
 5   be made if possible.
 6           Is there anything further from the government?
 7           MR. WANSLEY:  Only that, Your Honor, at this time the
 8   government moves to dismiss the remaining counts as to this
 9   defendant and we have an order for the court to consider.
10           THE COURT:  All right.  That will be granted, and I
11   will sign an order as soon as you get it to me.
12           MR. WANSLEY:  Yes, Your Honor.
13           THE COURT:  Is there anything further from the
14   defendant?
15           MR. MARTIN:  Nothing further.
16           THE COURT:  All right.  Mr. McGee, I hope that you
17   mean what you were saying about having made up your mind to be
18   a better man.  I have heard that many times.  I have not seen
19   it be the case on very many times, but I wish you luck and I
20   hope that you, in fact, mean what you say.  Good luck to you.
21           All right.  If there is nothing further, the court
22   will stand in recess until later this afternoon, I believe.
23           MR. MARTIN:  Thank you, Judge.
24           (Hearing Concluded)
25
```

CERTIFICATE OF REPORTER

    I, CHERIE GALLASPY BOND, Official Court Reporter, United States District Court, Southern District of Mississippi, do hereby certify that the above and foregoing pages contain a full, true and correct transcript of the proceedings had in the aforenamed case at the time and place indicated, which proceedings were recorded stenographically by Brenda Wolverton and transcribed by me to the best of my skill and ability.

    I certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

    This the 19th day of November, 2019.

    s/ *Cherie G. Bond*
    Cherie G. Bond
    Court Reporter